UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| ERIC ZUSPAN,<br><br>    Petitioner,<br><br>V.<br><br>FRANCISCO QUINTANA, Warden,<br><br>    Respondent. | Civil Action No. 5: 16-50-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

Eric Zuspan is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Zuspan has filed a "§2241 Motion," which the Clerk of the Court has properly docketed as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] In his petition, Zuspan complains that a staff pharmacist changed his medications after he arrived at FMC-Lexington without consulting a physician; that he was subsequently taken by ambulance to an outside hospital; and that as a result of his medications and hospital trip the BOP has reversed its decision to place him in a halfway house for ninety days. *Id*. at 2-3. Zuspan seeks reinstatement of his halfway house approval. He indicates that he has not completed the administrative process to exhaust his claims, but asserts without elaboration that this issue is "time sensitive and would be rendered moot" if he were forced to do so. *Id*. at. 1.

Zuspan has not paid the $5.00 filing fee required by 28 U.S.C. § 1914 or filed a motion to waive payment of it pursuant to 28 U.S.C. § 1915. Because the filing fee is incurred when the petition is filed, the Court will direct the Bureau of Prisons ("BOP") to deduct the five dollar filing fee from funds in Zuspan's inmate account in satisfaction of that financial obligation.

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Zuspan's claims are based upon the Bureau of Prisons' decision to deny him placement at a residential reentry center in light of his medical conditions. The Court must deny Zuspan's petition because his claim, even if successful, would not result in his release or a shorter sentence, and thus does not sound in habeas. Cf. *Stokes v. Cross*, No. 13-998-CJP, 2014 WL 503934, at *2 (S.D. Ill. Feb. 7, 2014) ("A petition for a writ of habeas corpus is the proper vehicle for a prisoner's claims if the prisoner is challenging the fact or duration of his confinement, and seeking an immediate or speedier release. ... Put differently, if the prisoner is not seeking release, or release is not available as a remedy to the prisoner's claims, then his challenge can only concern the conditions of his confinement ... not the fact of his confinement. As such, he may not proceed with a habeas petition.") (citing *Glaus v. Anderson*, 408 F.3d 382, 388 (7th Cir. 2005)).

The federal courts are not unanimous in this conclusion, however, and some permit challenges to the amount of halfway house placement to be brought under § 2241. See *Woodard v. Quintana*, No. 5: 15-307-KKC, 2015 WL 7185479, at *2-3 (E.D. Ky. Nov. 13, 2015) (collecting cases). But even assuming Zuspan could assert his claim in this proceeding, it is premature because he frankly admits that he has not exhausted his administrative remedies. [R. 1 at p. 1] The exhaustion requirement applicable to habeas corpus petitions in discretionary rather than statutorily-mandated, so the Court may excuse exhaustion under appropriate circumstances, such as where exhaustion would be futile. Zuspan fails to make that showing here. This Court has consistently required habeas petitioners to fully exhaust claims regarding RRC placement. *Woodard* at *4 (collecting cases). Exhaustion is particularly important in cases such as this because

"[w]ithout an adequate administrative record explaining the BOP's actions [in denying RRC placement] and the reasons for taking them, the Court lacks a sufficient evidentiary basis upon which to review the claims asserted in the petition." *Tate v. Holland*, No. 0:10-CV-123-HRW, 2011 WL 127127, at *1 (E.D. Ky. Jan. 14, 2011). Finally, BOP regulations expressly contemplate a request for expedited consideration of the issue if circumstances require. 28 C.F.R. § 542.18. The Court will therefore deny Zuspan's petition without prejudice.

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall send a copy of this Memorandum Opinion and Order to the warden of the institution in which Zuspan is currently confined.

2. Zuspan's custodian shall send the Clerk of the Court payment of the $5.00 filing fee from funds in Zuspan's inmate trust fund account once the amount in the account exceeds $10.00.

3. Zuspan's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED WITHOUT PREJUDICE**.

4. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

5. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Dated February 17, 2016.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY